125 N.J. Super. 248 (1973)
310 A.2d 490
LEONARD KATZ AND NANCY KATZ, PLAINTIFFS-APPELLANTS,
v.
BOARD OF TRUSTEES OF GLOUCESTER COUNTY COLLEGE AND WILLIAM L. APETZ, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1973.
Decided October 11, 1973.
*249 Before Judges LEONARD, ALLCORN and CRAHAY.
Mr. William S. Greenberg argued the cause for the appellants (Messrs. Sterns and Greenberg, attorneys; Messrs. Richard Weinrath and Michael J. Herbert, on the brief).
Mr. Martin F. Caulfield argued the cause for the respondents (Messrs. Hannold, Caulfield & Zamal, attorneys.)
*250 PER CURIAM.
It no longer is open to question that a public agency may neither dismiss from employment nor withhold renewal of a contract of employment from a nontenured public employee for a reason or reasons founded upon the exercise by him of a constitutionally protected right. Burlington County Evergreen Pk. Mental Hosp. v. Cooper, 56 N.J. 579 (1970); Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). And where, as here, the employee alleges that the agency's failure to renew his employment contract resulted from certain activities by him, which activities are within the area protected by the State or Federal Constitutions, or both, and the employee has made some showing that the activities were such that they may have been a significant element in the decision of the agency not to renew or not to retain, the employee is entitled to a "full exploration of this issue." Perry v. Sindermann, supra, at 598, 92 S.Ct. 2694; Winston v. Bd. of Ed., South Plainfield, 125 N.J. Super. 131 (App. Div. 1973).
The inquiry in these circumstances, however, is solely one of fact and, as such, is a matter for initial hearing and determination by the administrative officials and agencies charged with and peculiarly qualified for the performance of such function. Schults v. Bd. of Ed., Teaneck, 86 N.J. Super. 29 (App. Div. 1964), aff'd 45 N.J. 2 (1965); Winston v. Bd. of Ed., South Plainfield, supra; N.J.S.A. 18A:6-27.
Accordingly, the judgment of the Chancery Division is reversed; the claim of the plaintiff Leonard Katz that he was denied contract renewal for constitutionally impermissible reasons and seeking reinstatement, is transferred to the Chancellor of the Department of Higher Education for hearing and determination R. 2:2-3(a), and the claims for damages asserted by plaintiffs are dismissed, without prejudice. No costs to any parties. Jurisdiction is not retained.